IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC LIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-22-923-D |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

On October 25, 2022, the Clerk received from Eric Lin a *pro se* pleading [Doc. No. 1] that he identified as "a motion for a preliminary injunction against the FBOP" but was filed as a petition for a writ of mandamus.[1] On October 31, 2022, the Clerk received a second paper from Mr. Lin [Doc. No. 5] designated as "a petition to withdraw the motion requesting a preliminary injunction against the FBOP."

Mr. Lin states unequivocally in his October 31 filing that he wants to withdraw his original pleading. The Court construes this statement as a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). So construed, Mr. Lin's statement operates as a notice of voluntary dismissal of this case without further action by the Court.[2]

---

[1] As a *pro se* litigant, Mr. Lin is entitled to a liberal construction of his pleadings. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] *See De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) ("stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing"); *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (*pro se* plaintiff's "clear statement" that he wants his action dismissed effectuates a dismissal under Rule 41(a)(1)(A)(i); "no action is required on the part of the court"); *see also*

**IT IS THEREFORE ORDERED** that the Clerk is directed to terminate this action in her records as of the date of Mr. Lin's notice of dismissal.[3]

**IT IS SO ORDERED** this 1st day of November, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

*Netwig v. Ga. Pac. Corp.*, 375 F.3d 1009, 1010 (10th Cir. 2004) (dismissal was effective on date of Rule 41(a)(1) filing).

[3]   When processing Mr. Lin's initial filing as a prisoner petition, the Clerk entered an order of referral to a magistrate judge under 28 U.S.C. § 636.   That Order [Doc. No. 3] is **VACATED**.